I. D. AND MARY AFFLECK v. MRS. F. WANGERMANN, EXECUTRIX.

No. 862. Decided February 15, 1900.

**1.   Homestead—Designation Under Statute—Change of.**

The statute providing for designation of homestead from' a larger tract (Revised Statutes, article 2403), does not authorize the head of the family, in making such designation, to change his homestead, by abandoning a portion ot it in actual use and occupancy, and to substitute land never used as and wholly disconnected from the home of the family.   (P. 355.)

**2.   Same.**

The statute simply empowers the owner to separate his actual homestead, as exempted by law and as used by him and his family, from that portion of a tract or tracts used for like purposes but in excess of what the law permits to be exempted. He can not abandon land actually used, and select a detached tract not before used, but intended to be used in the future.   (P. 355.)

**3.   Same—Fact Case.**

The head of a family owning 219 acres of land in one body, inclosed and partly cultivated (embracing his home), and also a detached tract of thirty-nine acres of woodland, designated, under the statute, as his homestead, the latter tract and 161 acres ot the former, including residence and improvements. He then mortgaged the part of the first tract not designated as homestead, and it was sold under fore- closure.  Held, in suit by those holding under the foreclosure sale, that such desig- nation did not make the woodland tract, not previously so used, a part of the home- stead nor work an abandonment of the homestead right in the part of the larger tract not designated as such.   (Pp. 353-355.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Washington County.

The suit was trespass to try title, brought by Wangermann, who claimed the land under a foreclosure sale, against Affleck and wife, who asserted homestead rights in avoidance of the mortgage and sale.   On plaintiff's death his executrix was made a party, and she recovered a judgment from which defendants appealed.   The judgment was affirmed and appellee obtained writ of error.

*Rogers & Herbst*, for plaintiffs in error.—The Constitution of this State forbids the fixing of liens on a homestead (except such as thereby are expressly permitted), and if a homestead be such in fact, money lenders must understand that liens can not be fixed upon it, and declara- tions of the husband and the wife to the contrary, however made, must not be relied upon.

The fact of actual possession and use of a tract of land as part of the homestead (where it does not exceed 200 acres) is a fact against which the lender can not shut his eyes.   Every person dealing with land must take notice of the actual, open, and exclusive possession and use, and the lender stands charged with notice of the fact, it matters not what declarations to the contrary the borrower may make.   And no designation contrary to the fact will enable the parties to evade the constitutional inhibition.

Actual occupancy and use is superior to a designation under the statute, where the lapse of time evidences that the recorded designation had not been acted upon or adopted by the acts of the parties, especially where the facts show clearly an abandonment of the designation.

A designation of a homestead under the statute, and recorded, may be abandoned by use and occupation without recording a redesignation.

A purchaser at forced sale of a part and parcel of a homestead under a foreclosure of a deed of trust lien acquires no title, where the same is and was in fact used as a homestead at the time the mortgage was given.

Where two tracts of land are several miles apart, and one is used as a homestead, there must be some use of the other in connection with the home to constitute it a part of the homestead; mere intention to use, or declarations to that effect are not sufficient.

The actual use and occupation of land is and has always been regarded as the most satisfactory evidence to constitute it a part of the homestead, and no declaration to the contrary will divest it of its homestead character so long as it is used and occupied as such.

He is not an innocent holder or purchaser, who relies solely upon a recorded designation, when the record itself shows that the land sought to be mortgaged is and has been a part of a homestead of less than 200 acres; and especially where the recorded designation shows a renunciation of a part of the original homestead and the adoption of a disconnected woodland tract, for such facts are sufficient to put the mortgagee upon inquiry to ascertain if the disconnected tract had in fact ever been used in connection with the residence tract, so as to constitute it in fact a part of the homestead, for the current of decisions is to the effect that the rule of caveat emptor applies.

Authorities in support of foregoing propositions:   Constitution, art. 16, sec. 50; Texas Land Loan Co. v. Blalock, 76 Texas, 88; Pellat v. Decker, 72 Texas, 578; Ruhl v. Kauffman, 65 Texas, 723; Moerlein v. Investment Co., 9 Texas Civ. App., 422; Brooks v. Chatham, 57 Texas, 31; Campbell v. Elliott, 52 Texas, 151; Freeman v. Hamblin, 1 Texas Civ. App., 157; Building Assn. v. Guillemet, 40 S. W. Rep., 225; Hawes v. Parrish, 41 S. W. Rep., 134; Medlenka v. Downing, 59 Texas, 32; Cervenka v. Dyches, 32 S. W. Rep., 316; Railway v. Winter, 44 Texas, 597; Thompson on Homestead, 102, 103, 244.

*Searcy & Garrett,* for defendant in error.—When the homestead of a family, not in a town or city, is a part of a larger tract or tracts of land than is exempt from forced sale, the head of the family has the right to designate the homestead not to exceed 200 acres, by filing for record with the clerk of the county court of the county in which the land is situated, an instrument of writing containing a description by metes and bounds of the homestead so claimed or designated by him.

The husband as the head of the family, so long as he acts in good

faith, has the right to designate the homestead of the family, and this
may be in one or more separate tracts of land.

The appellant I. D. Affleck as the head of the family, his homestead
tract of land consisting of more than 200 acres, having in good faith
designated his homestead as the law directs, and placed such designa-
tion of record, and the appellee and those through whom she claims
having relied on such designation, and in good faith loaned money on
the thirty-four acres of land, not included in said designation, the ap-
pellants are estopped from claiming said thirty-four acres of land as any
part of their homestead.

Authorities in support of foregoing propositions: Rev. Stats., arts.
2403, 2404; Mackey v. Wallace, 26 Texas, 529; Holliman v. Smith, 39
Texas, 362; Medlenka v. Downing, 59 Texas, 38; Slavin v. Wheeler,
61 Texas, 658; Freeman v. Hamblin, 1 Texas Civ. App., 157; Nix v.
Mayer, 2 S. W. Rep., 820; Brooks v. Chatham, 57 Texas, 32; Marler v.
Handy, 88 Texas, 421.

BROWN, ASSOCIATE JUSTICE.—The judge of the trial court before
whom the case was tried filed the following conclusions of fact:

"1. That the defendants are man and wife and have a family, and are
the common source of title.

"2. That in the year 1870 they owned and occupied as their home-
stead a tract of land containing 219 acres (in one body) and a wood-
land tract, which was uninclosed and had no improvements thereon,
situated about two miles from the 219-acre tract.

"3. That the defendants occupied and used the 219-acre tract as
their homestead from 1870 to June, 1880, when, with a view of selling
off the overplus of the 219-acre tract, I. D. Affleck, with no purpose to
defraud his wife in her homestead rights and in good faith, as provided
by statute, in June, 1880, designated his homestead and placed the same
on record, in which he designated 161 acres (including dwelling, stables,
and outhouses) and the 39-acre woodland tract as constituting his
homestead.

"In July, 1880, he sold off the 219-acre tract 15 9-10 acres, and in
the year 1882 he conveyed off of the same tract 9½ acres, leaving 195
acres in the tract, which is in one body and under one and the same
inclosure, and there is about 70 acres in cultivation. This 195-acre
tract includes the 161 acres (designated as a part of the homestead),
and the 34-acre tract in controversy, which two tracts are under one
fence, and the appellants have occupied, used, cultivated, and enjoyed
the 34-acre tract in connection with the 161-acre tract as part of the
homestead ever since 1870.

"4. The 39-acre woodland tract has never been used or occupied by
the defendants, other than on one or two occasions some wood was
hauled off of it by tenants.

"5. On January 15, 1887, said I. D. Affleck borrowed from M. E.

Goodwin $340, for which he gave his note and secured the same on the same day by executing and delivering to J. T. Swearingen as trustee a deed of trust on the 34 acres in controversy.

"6. The note was kept alive by renewals, and was transferred in due course of trade to different parties, until it became the property of William Seidel, who paid value for the same. That the several holders of said note did not make any inquiry as to any homestead claim to said 34-acre tract, but regarded and acted upon the recorded designation as being valid and sufficient.

"7. William Seidel, on March 2, 1897, recovered a judgment in the District Court on said note against I. D. Affleck, foreclosing the deed of trust lien on the 34-acre tract in controversy. The sheriff sold the 34 acres under an order of sale, and the plaintiff's husband became the purchaser, paying value therefor.

"8. The appellants have been in possession of said 34 acres, cultivating and using the same ever since 1870, and now hold possession."

Judgment was entered for defendant in error, which was affirmed by the Court of Civil Appeals.

The decision of the question presented in this case depends upon the construction of this article of the Revised Statutes: "Article 2403. When the homestead of a family, not being in a town or city, is a part of a larger tract or tracts of land than is exempt from forced sale as such homestead, it shall be lawful for the head of the family to designate and set apart the homestead, not exceeding two hundred acres, to which the family is entitled under the Constitution and laws of this State."

The 219 acres which Affleck and his family resided upon and used for homestead purposes constituted his homestead and the 39 acres, which were separated from and not used as a part of the home place, was no part of the homestead either in fact or in law. The entire 219-acre tract was impressed with the homestead character and the statute quoted above was intended to enable the head of the family to separate from the larger tract his homestead under the Constitution, and thereby to rid the remaining portion of the larger tract of the inhibitions of the Constitution against his selling and incumbering it. If Affleck had lived upon the 219-acre tract with only 25 acres inclosed and in cultivation, it would have been the homestead to the extent of 200 acres, because the use of a part of it would give character to the whole as if the entire tract had been cultivated. If the 39-acre tract had been actually used for the purpose of providing wood and timber for the farm, at and before the designation, it would have been a portion of the homestead also; in which case, Affleck's homestead would have consisted of two tracts of land, embracing more than 200 acres, and he would have been authorized by article 2403 to designate out of both tracts the 200 acres as his homestead, which might have embraced the 39 acres and a sufficient quantity of the other tract to make the full 200 acres.

· But the statute did not authorize Affleck to change his homestead by abandoning a portion of it in actual use and occupancy and to substitute land never used and wholly disconnected from the home of the family. Counsel argue that because Affleck had the right to select the homestead out of the larger tract, his selection of the timber land, with the intention to use it in the future in connection with the homestead, would be a compliance with the law, but the law does not so provide. It simply empowered him to separate his actual homestead, as exempted by law and as used by him and his family, from that portion of a tract or tracts used for like purposes but in excess of what the law permits to be exempted. He might, before that time, have made the timbered land a part of the homestead by using it as such, but did not, and a mere intention to so use it in future did not have that effect.

The District Court erred in entering judgment for the plaintiff and the Court of Civil Appeals erred in affirming the judgment. We therefore reverse the judgments of both courts. Upon examination of the record, it appears that the case was not tried with a view to the question upon which we have decided it, and that in all probability the proof might develop a condition of things which would sustain the action of Affleck in designating this land as a part of his homestead. We therefore remand this case to the District Court for further trial.

*Reversed and remanded.*