### J. W. GLEED v. MRS. T. M. PICKETT ET AL.

#### Decided April 4, 1902.

**1.—Homestead—Designation—Mortgage—Charge.**

Where a husband and wife, owning contiguous tracts of land, all of which were used for homestead purposes, designated 200 acres thereof for their homestead, and then mortgaged the other parts, the lien so created was valid if the designation was made in good faith, although it covered land in cultivation and more distinctly used for homestead purposes than certain pasture land included in the designation; and hence, in an action to foreclose the mortgage, defended on the ground that it covered homestead property, it was misleading for the court's charge to define the homestead as the place of residence, including 200 acres, "used by the head of the family for the maintenance of himself and family," etc., since this ignored the effect of the designation.

**2.—Same—Issue of Designation in Good Faith.**

In such action of foreclosure, where the evidence as to the use of the mortgaged land was meager, and there was other evidence suggesting that the designation might have been a mere pretext to avoid the laws inhibiting the creation of a lien on the homestead, it was proper for the court to submit to the jury the issue of whether the land mortgaged was homestead or not.

Appeal from Bosque. Tried below before Hon. William Poindexter.

*Wm. M. Knight,* for appellant.

*Robertson & Robertson,* for appellees.

CONNER, CHIEF JUSTICE.—This was a suit brought in the District Court of Bosque County by the plaintiff, J. W. Gleed, to foreclose a mortgage executed in his lifetime by Joseph Pickett and his wife, Mrs.

T. M. Pickett, on certain contiguous tracts of land situated in said county. Joseph Pickett having died, the suit was brought against the widow, Mrs. Pickett, and the children.

The defense was that the largest and most valuable part of the land covered by the mortgage was at the time of its execution the homestead of Pickett and his family. To this the plaintiff replied that at the time of executing the mortgage Pickett owned about 500 acres of land in different tracts, adjoining each other, and that he and his wife then designated 200 acres as their homestead, including the residence, barns, lots, cribs, etc., all of which was then used by them for the purposes of a home, and executed a mortgage on the remainder.

The case was tried before a jury, and on the 30th day of August, 1901, a verdict and judgment was rendered for the defendants.

Among other things, the court charged the jury:

"1. The defendants having admitted the plaintiff's cause of action, you will find for the plaintiff and against the defendants that plaintiff is entitled to recover $4966, and that plaintiff has a lien upon all the land described in plaintiff's petition to secure payment thereof, unless you find that the portion of said lands described in plaintiff's petition and in the deed of trust introduced in evidence was at the time of the execution of said trust deed, which was on the 23rd of October, 1890, a part of the homestead of the defendant, Mrs. Pickett, and of her deceased husband.

"2. The homestead of a family not in a town or city shall consist of not more than 200 acres of land, which may be in one or more parcels or tracts, together with the improvements thereon, and such homestead can not be made the subject of a mortgage or trust deed, and can not be incumbered in any way by the husband for debt.

"3. The homestead, as above defined, consists of the domicile and residence and other houses and improvements where the family resides, together with 200 acres of land used by the head of the family for the support and maintenance of himself and family. Whether said 200 acres consists of one or more, or of parts of several tracts, such homestead can not exceed 200 acres, and must be confined to the land used for the purposes of a home, as above indicated."

The third clause of the charge is questioned by appropriate assignment of error and we think the assignment good. The facts show that at or about the time of the execution of the deed of trust Joseph Pickett and wife also executed an instrument that purports to designate their homestead upon 200 acres of land therein described adjoining the 112 acres upon which the appellant's lien was asserted. The homestead as so described including the houses, barn, lot, etc., but consisted of the greater part in an inclosed pasture used in connection with the farm for grazing farm steck. Pickett was a farmer, and for many years had used and cultivated said 112 acres as such. The homestead as claimed by appellees on the trial was 200 acres that included the houses, lots,

and cultivated land. The jury therefore may have concluded that the farming land must be included in the homestead, notwithstanding its exclusion by the asserted designation. While some of the earlier decisions seem to define the homestead as that which is used for the support and maintenance of the family, the limitation of the present Constitution is that the land shall be used for the "purposes" of a home, and we think the court's charge, therefore, too restrictive. It may be true, as the jury very probably concluded, that of all the lands involved the farming land was most distinctively that which was "used by the head of the family for the support and maintenance of himself and family," yet if excluded by lawful designation such farming land was no part of the homestead, but in such event the homestead consisted rather of the 200 acres that had been lawfully designated as such. It seems to be conceded in behalf of appellees that the use to which the pasture was put by Joseph Pickett was a homestead purpose. Should the jury so find and also find that there had been a bona fide dedication thereof by Joseph Pickett as part of his homestead, as alleged, then appellant's asserted lien is valid. For the right of the head of the family to designate and set apart as a homestead the particular 200 acres of a larger body of land, all of which is used for the purposes of a home, is conferred by our statute law and upheld by our decisions. Rev. Stats., art. 2403; Affleck v. Wangemann, 55 S. W. Rep., 312. We think, therefore, that under the circumstances of this case the court erred in the instructions complained of. To say the least of it, we think it was under the circumstances misleading and very probably prejudicial.

Error is also assigned to the sixth clause of the court's charge in that the issue of homestead be submitted at all,—the contention being that the uncontroverted evidence shows that the 200 acres designated as a homestead by Joseph Pickett and wife in 1890 included the houses, etc., and that the same was then being used for the purpose of a home. While we have felt some hesitancy in overruling this assignment, we have finally concluded to do so, as the evidence in the record relating to the use of the pasture is rather meager, and inasmuch as the evidence also suggests that the alleged designation may have been a mere pretext to avoid the effect of our laws inhibiting the creation of a lien on the homestead. The designation to be enforcible as against the wife must be real as contradistinguished from one colorable only, unless, indeed, the wife may be estopped as against one in the attitude of a purchaser for valuable consideration without notice of its vice. While the pleadings, charge, and evidence may not very clearly present such issue, the record nevertheless is sufficiently suggestive thereof to make us unwilling to dispose of the appeal under the assignment here noticed, or under the assignment to the court's refusal to give the requested peremptory instruction to find for appellant.

Other assignments need not be mentioned further than to suggest that special charge number 2 given at appellees' request entirely ignored

the issue of designation of the homestead as plead by appellant, and it should therefore have been refused.

For the error in the court's charge first mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Hunter, Associate Justice, did not sit in this case.