**AMERICAN CONST. CO. v. CASWELL et al.**

(Court of Civil Appeals of Texas. Austin. May 8, 1912. Rehearing Denied June 12, 1912.)

1. APPEAL AND ERROR (§ 882*)—INVITED ERROR.

Any error in submitting an issue not supported by evidence is not ground for reversal, where appellant obtained a special charge submitting the same issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

2. TRIAL (§ 260*) — INSTRUCTIONS — MATTER COVERED.

Instructions substantially covered by those given are properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by C. D. Caswell and others against the American Construction Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

See, also, 141 S. W. 1013.

Baker, Botts, Parker & Garwood and J. H. Tallichet, all of Houston, for appellant. Gregory, Batts & Brooks, of Austin, for appellees.

JENKINS, J. The appellees brought suit against the American Construction Company for damages alleged to have been caused by the maintenance of a solid board fence in Congress avenue and Sixth street, in Austin, Tex., from September 29, 1910, to January 5, 1911. An interlocutory judgment was entered by the district·court of Travis county on June 9, 1910, in which the Construction Company was enjoined from maintaining or permitting to remain said fence, but providing that said company were not prohibited from erecting, where said solid fence then stood in Congress avenue, a fence with solid baseboards, not exceeding in height two feet from the ground, with such superstructure of wire netting, or such other character of wire as would not substantially interfere with the view through said fence, or with the passage of light and air through the same. The Construction Company appealed from said interlocutory judgment, and the same was affirmed by this court and subsequently by the Supreme Court. American Construction Co. v. Seelig (Sup.) 133 S. W. 429. The appellant gave a supersedeas bond and maintained said fence until about the 15th of January, 1911. On trial hereof there was a judgment for Caswell & Co. for $450, and for Davis for $500. The cases, by agreement, have been consolidated in this court.

[1] In the first assignment of error appellant complains of the action of the court in submitting to the jury the issue as to whether plaintiffs suffered damage by reason of the maintenance of said fence, because there

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

was no evidence authorizing the submission of said issue. An examination of the statement of facts shows that there was evidence which authorized and required the court to submit this issue. If, however, there was error in this regard, it must be regarded as invited error, for the reason that the court at the request of appellant gave a special charge submitting this issue to the jury.

[2] The court did not err in refusing special instruction No. 2, nor in refusing special instruction No. 3, requested by appellant, for the reason that said instructions were substantially given in the principal charge of the court.

Complaint is made that the verdict is excessive. This issue was submitted to the jury, and, under the evidence, they might have found a larger verdict than that which they rendered, for which reason the assignment presenting this question is overruled.

Finding no error in the record, the judgment herein is affirmed.

Affirmed.