**WADE et ux. v. FIRST NAT. BANK OF QUINLAN. (No. 2946.)**

(Court of Civil Appeals of Texas. Texarkana. June 12, 1924. Rehearing Denied June 19, 1924.)

1. **Appeal and error** ⟨Key⟩1062(1)—**Appellants held not entitled to complain of submission of issues because facts were undisputed.**

Appellants cannot complain of submission of material issues in manner not argumentative nor confusing to jury, whose answers were conceded to be in harmony with evidence, because facts were undisputed.

2. **Trial** ⟨Key⟩194(9), 240—**Instruction on effect of designation of homestead held not argumentative nor on weight of evidence.**

In suit to foreclose mortgage lien on lands, instruction that, if other tracts designated as homestead by defendants and mortgaged tracts

---

were all used as part of homestead, land remaining after such designation would no longer be part of homestead *held* not erroneous as argumentative or on weight of evidence.

**3. Homestead ⊚⇒38—One using all of more than 200-acre tract as homestead limited to land included in designation.**

Under Rev. St. arts. 3794, 3806, one residing on and using all of tract of more than 200 acres for homestead purposes would ·be limited in homestead claim to land included in designation of part of such tract as homestead.

**4. Homestead ⊚⇒57½—Lands used for homestead purposes held for jury.**

In suit. to foreclose mortgage lien on land claimed to have been part of defendants' homestead when deed of trust was given, where only evidence that another tract included in defendant's written designation of homestead had not been used for homestead purposes was defendants' testimony, court properly ·submitted issue as to what lands were used for homestead purposes to jury, though such testimony was undisputed; defendants' credibility, as interested witnesses, being involved.

**5. Homestead ⊚⇒38—Written designation duly filed and recorded conclusive evidence of land included, unless impeached for evasion of law.**

Written ·designation of homestead, filed and recorded as required by statute, is at least prima facie evidence of what constitutes homestead, and unless impeached because of some evasion of law is conclusive of such fact.

**6. Appeal and error ⊚⇒930(1)—Jury assumed to have considered designation of homestead and mortgagors' testimony in determining whether mortgaged land was part of homestead.**

Appellate court must assume that jury, in determining that lands described in deed of trust sought to be foreclosed were not included in mortgagors' written designation of homestead, considered such designation and mortgagors' testimony as to use of that and other tracts of land.

**7. Homestead ⊚⇒57(1)—Burden of proving designation included land not used for homestead on mortgagors claiming land not included in designation part of homestead.**

In suit to foreclose mortgage lien on land which mortgagors claimed was part of their homestead when mortgage was given, burden was on them to prove that their designation of other lands as homestead included land not then or afterward used for homestead purposes.

**8. Appeal and error ⊚⇒882(14)—Appellants requesting submission of special issues cannot complain of insufficiency of evidence to support answers.**

Appellants requesting submission of special issues cannot complain of insufficiency of evidence to support answers.   , .

Appeal from District Court, Hunt County; Newman Phillips, Judge.

Suit by the First National Bank of Quinlan against L. B. Wade and wife. Judg-

ment for plaintiff, and defendants appeal. Affirmed.

Looney & Bowman, Clark & Sweeton, and T. W. Thompson, all of Greenville, for appellants.

H. L. Carpenter and Neyland & Neyland, all of Greenville, for appellee.

HODGES, J. This is a suit to foreclose a mortgage lien on two tracts of land situated in Hunt county, and fully described in the petition of plaintiff below. In September, 1920, L. B. Wade, one of the appellants, was indebted to the Frst National Bank of Quinlan in the sum of approximately $4,-000, evidenced by two promissory notes. On the 16th day of that month he executed a deed of trust on the land above referred to —one tract of 65 acres, and the other of 44½ acres. At that time Wade owned a body of approximately 400 acres of land situated partly in and adjacent to the town of Quinlan. This body was composed of several distinct tracts acquired by Wade at different times. In August prior to executing the deed of trust Wade and his wife filed a written designation of their homestead in the manner provided for by statute. This designation included the three following tracts: The Good tract, of 47 acres; the Maier tract, of 52 acres; and the Sessions tract, of 101 acres. The three tracts mentioned were contiguous, and aggregated 200 acres. On the central or Maier tract were situated the family residence and other buildings used for homestead purposes. The designation did not include either of the tracts covered by the deed of trust given by Wade to the bank. Some time after the maturity of Wade's indebtedness to the bank he became a bankrupt, and received a discharge in due course of those proceedings. The suit to foreclose the mortgage is resisted by Wade and wife on the ground that the land was their homestead at the time the deed of trust was given.

In his general charge the court propounded six special interrogatories to the jury. These were answered substantially as follows: (1) In August, 1920, Wade executed in writing, and had recorded in the office of the county clerk of Hunt county, a designation of 200 acres of land as the family homestead; (2) at the time of that designation Wade resided upon a tract of land of more than 200 acres; (3) .Wade did not thereafter, and prior to the execution of the deed of trust, change the boundaries of the lands mentioned in that designation and description of the family homestead; (4) that the lands described in the deed' of trust did not constitute a part of that used for homestead purpose; (5) the lands described in the deed of trust were not included in the written designation of the homestead; (6) at the time of the execution of the deed of ·

trust Wade did not inform the cashier of the bank that he claimed the land mortgaged as a homestead. At the instance of the appellants the court submitted the following additional issues:

"(1) At the time of the execution of the deed of trust herein sued on, was the defendant Wade receiving and had he theretofore received any proceeds arising from the 101 acres of the Sessions land, or any part thereof, included in the written designation of a homestead, for the support of himself and family, and for the maintenance of his home? Answer: Yes.

"(2) At the time of the execution by the defendant Wade of the deed of trust sued on herein, were the defendant Wade, and his wife, claiming or using the 101 acres of the Sessions land, or any part thereof, included in the written designation as a part of their homestead? Answer: Yes.

"(3) Were the 101 acres of the Sessions land, or any part thereof, at the time of the execution by the defendant Wade of the written designation of his homestead, used or claimed by the defendant Wade and his wife, as a part of their homestead? Answer: Yes.

"(4) At the time of the execution of the written designation of homestead by the defendant, Wade, was he receiving and had he theretofore received, for the benefit of himself and family, any proceeds arising from the 101 acres of the Sessions land embraced in the written designation? Answer: Yes."

Upon those findings a judgment was entered in favor of the bank, directing a foreclosure of the mortgage.

[1] In this appeal it is insisted that the court erred in submitting issues 1, 2, 3, and 5, in his general charge, because the facts relating to those issues were undisputed. It is apparently conceded that the findings of the jury in response to those questions are in harmony with the undisputed evidence in the case. That being true, it is difficult to see how the appellants were injured by having the jury pass upon them. The manner of submitting those issues was not argumentative, nor did it tend to confuse the jury. Each question related to a fact which must be found either by the court or by the jury in order to determine what character of judgment should be rendered. The appellants cannot complain because the jury, instead of the court, found facts which they now conceded were undisputed.

[2] At the instance of the appellee the court gave the following special charge:

"The jury is instructed that, if the Sessions 101 acres, the 52 acres of the Maier tract, the 47 acres of the Good tract, and the two tracts embraced in the deed of trust to plaintiff were all used as a part of the homestead by the defendant, after his designation of the 101 acres of the Sessions tract, the Maier and Good tracts as his homestead, if the same was so designated, the remainder of the land would no longer be any part of his homestead."

[3] The objection is that the charge is argumentative and upon the weight of the evidence. We do not think it is subject to either objection. On the contrary, it states a correct proposition of law. If at the time of the designation Wade was residing on a tract of land of more than 200 acres, and was using all of it for homestead purposes, he would, after the designation, be limited in his homestead claim to the land included in his designation. Rev. Civ. Statutes, arts. 3794 and 3806. If, as he undertook to show in the trial below, he included in that designation land which was not used for homestead purposes, and excluded land which was used for homestead purposes, the rule of law invoked by him might control, and the written designation would not be conclusive of his homestead claim. Affleck v. Wangermann, 93 Tex. 351, 55 S. W. 312. But under the findings of the jury that state of facts did not exist.

[4, 5] Appellants also complain of the action of the court in submitting in his general charge issue No. 4 and the four special issues submitted at their own request, upon the ground that the finding of the jury upon those issues was contrary to the undisputed testimony. It appears that in the trial below an effort was made by appellants to prove that the Sessions tract of 101 acres, included in the written designation, had not been used for homestead purposes. The evidence offered in support of that contention is found in the testimony of Wade and his wife. Both of these were interested witnesses, and the court could not, in submitting the issues of fact, assume the truth of their testimony even though it was undisputed. Their credibility was involved, and became a matter for the jury to pass on. The written designation of the homestead, when filed and recorded as required by the statute, becomes at least prima facie evidence of what constitutes the family homestead; and, unless this is impeached because of some evasion of the law protecting the homestead, it becomes conclusive of that fact.

[6-8] In answering question 4 the jury had a right to take into consideration the former designation, and the testimony of Wade and wife, regarding the uses made of the different tracts of land, and then determine whether or not the land covered by the mortgage to the bank was a portion of the legal homestead. We must assume that this was done in answering question 4 and other interrogatories. If the findings of the jury in response to the special issues submitted at the request of the appellants are supported by the evidence, the controlling issues of fact were determined against the appellants. As stated above, appellants had the burden of proving that their designation included land which was not at that time, or thereafter, used for homestead purposes. The jury had a right, in answering those questions, to consider the evidence in its entirety. There was some testimony tending to show that the Sessions tract had been used for homestead

purposes. But, even if it were otherwise, appellants, after requesting the submission of those special issues, are in no attitude to complain of the insufficiency of the evidence to support answers which they must have contemplated might be given. Hanrick v. Hanrick, 110 Tex. 59, 173 S. W. 211, 214 S. W. 321; Poindexter v. Receivers, Kirby Lumber Co., 101 Tex. 322, 107 S. W. 42; American Const. Co. v. Caswell (Tex. Civ. App.) 149 S. W. 282.

We think the findings of the jury are supported by the evidence, and the judgment will be affirmed.