## FARMERS' NAT. BANK OF SEYMOUR v. COFFMAN.

### No. 1372.

Court of Civil Appeals of Texas. Eastland.

Jan. 18, 1935.

Rehearing Denied Feb. 8, 1935.

Stephens & Williams, of Benjamin, and James T. Montgomery, of Wichita Falls, for appellant.

D. J. Brookreson, of Benjamin, for appellee.

FUNDERBURK, Justice.

This suit was brought by W. W. Coffman to enjoin the sale of a 90-acre tract of land situated in Knox county about a mile from Goree, upon which execution had been levied and sale advertised, and which was claimed to be subject to a judgment lien in favor of Farmers' National Bank of Seymour, Tex., as successor in interest to the Vera State Bank. The plaintiff alleged substantially that on about the 10th day of March, 1931, he was, with his family, living on a 65-acre tract of land near Goree, which he had occupied as a farm homestead for many years; that at that time his aunt Mrs. Mary Coffman, died, having bequeathed to him an undivided one-eighth interest in her estate, consisting of several farms near Goree, and some town property; that as soon as the will was probated, in order to add to his existing 65-acre homestead, he began negotiations with the other heirs and devisees owning the remainder of said estate of his aunt to have the estate so partitioned as to locate his interest near his home, in order to add it to his homestead; that all of this he succeeded in doing, and had partitioned to him in lieu of his undivided interest in other tracts the 90 acres in question; that he had been claiming, using, and occupying it from said time as a homestead.

The jury to whom the case was submitted upon special issues found that, when plaintiff procured, by partition, the 90-acre tract in controversy, he intended to, and did thereafter, use same as an addition to his homestead. Upon that finding, judgment was rendered for Coffman, from which the defendant has appealed.

The only assignment of error necessary to be noticed is one contending that the court erred in refusing a peremptory instruction to find for the defendant.

Appellee, Coffman, owned and occupied a home consisting of 65 acres at the time of his aunt's death. There was prior to that time an abstract of judgment so recorded and indexed as to constitute a judgment lien (subject, of course, to any valid pre-existing liens, incumbrances, or exemptions) upon all real estate which said Coffman might thereafter acquire situated in Knox county. R.

S. 1925, art. 5449. Coffman did thereafter acquire, at his aunt's death, an undivided one-eighth interest in a number of different tracts of land in Knox county. Title vested immediately upon the aunt's death. R. S. 1925, art. 3314.

The situation of these several tracts of land with relation to each other, and to appellee's then existing homestead, was neither alleged nor shown by the evidence. The evidence does not show that appellee knew that his aunt intended to make him a bequest, or the nature of such bequest, or even that he knew she owned the several tracts of land. The only evidence regarding his intention to dedicate his interest in the said parcels of land as an addition to his existing homestead may be briefly stated as follows: He testified that after his aunt's death he got the other heirs to agree to a division so he could have the 90 acres; that his object in procuring the tract to be set apart to him was to add to his homestead; that since it had been awarded to him he had rented it out and used the feed rent to fatten his hogs and take care of his live stock, and used the cotton money for living expenses; that he had done work on the 90 acres; that he had not farmed, but had worked on the fence and repaired the improvements; that since he got it he had not plowed a furrow on it, had just rented it, received the oil rents from it, had never cultivated it, or worked it himself; that the rent he got off the land he used for feed for teams, hogs, and cows, and used the money for general living expenses. It was shown that the 90-acre tract in question was about a mile from the 65-acre home tract, and not contiguous to it. The town of Goree intervened.

■ The several tracts of land in which appellee acquired from his aunt an undivided interest, and which, by this suit, he seeks to have adjudged exempt as an addition to his homestead, not being contiguous to the home tract, are in relation to the question of exemption, governed by the same rules as land never occupied as the home of a family. Brooks v. Chatham, 57 Tex. 31. "Intent, in itself, will not impress the homestead character upon property, but such intent must be accompanied with a preparation, demonstrating such intent." Nunn on Homestead and Other Exemptions, p. 99. Benzel v. Commercial Nat. Bank (Tex. Civ. App.) 1 S.W.(2d) 695. While the rule is usually so stated, a more accurate statement of the law, it seems to us, applicable to a situation where one without a homestead seeks to establish the homestead character of property never actually occupied or used as a home, or where one having a homestead on particular land seeks to extend it so as to include other land not contiguous thereto, would be that neither proof of declarations of intention alone nor of acts of preparation alone is sufficient, but a bona fide intention must be shown by both such declarations and preparation. This seems to have been the logical construction given by the Supreme Court to the many decisions reviewed in Cameron v. Gebhard, 85 Tex. 610, 22 S. W. 1033, 1035, 34 Am. St. Rep. 832, wherein the conclusion was stated as follows: "From these decisions it is apparent that intention is almost the only thing that may not be dispensed with in some state of case, and it follows that this intention in good faith to occupy is the prime factor in securing the benefits of the exemption. Preparation—that is, such acts as manifest this intention—is but the corroborating witness to the declaration of intention, the safeguards against fraud, and an assurance of the bona fides of the declared intention of the party."

■ Tested by the law as thus declared, it is readily apparent from the foregoing statement of the testimony that there was no evidence of certain facts essential to establish the homestead character of the land in question. The evidence must be viewed, not with reference to the 90 acres after the partition, but the several tracts, in which appellee had an undivided interest, before the partition. The judgment lien, if it ever attached, did so immediately upon the death of appellee's aunt, and therefore, prior to the partition. If the partition was valid, the judgment lien would undoubtedly follow the interest of appellee and after partition remain as an encumbrance upon the 90 acres. If the land in question ever became subject to the homestead exemption, it must have acquired that status by a bona fide intention to occupy or use it as a part of the home (the essential proof of the intention to be of the requisites above stated), and such intention, in point of time, must have existed at least contemporaneously with the death of appellee's aunt. There is wholly wanting evidence to show the existence of any intention at any time, and certainly none to show its existence at the time of the aunt's death. Appellee did not testify that he had any intention of adding his undivided interest in the several tracts of land to his homestead. His only testimony regarding his intention related to the 90-acre tract. That evidence fell short of

the proof required by law, not only because the only intention referred to was one which came into existence after the judgment lien had attached, but it also failed of the legally required corroboration of acts of preparation manifesting the bona fides of the intention. The only acts shown to have been done on the place which could even be argued as showing preparation were that appellee "had worked on the fence and repaired the improvements." Such acts were just as consistent with renting the place as using it as a part of the home, and were therefore no proof of preparation manifesting an intention so to use it. That appellee rented the place and used the rent products for "feed for teams, hogs and cows and the money for general living expenses" was no proof of the use of the land for the purposes of a home. Autry v. Reasor, 102 Tex. 123, 108 S. W. 1162, 113 S. W. 748; Lasseter v. Blackwell (Tex. Com. App.) 227 S. W. 944.

Evidence of other essential facts was wholly lacking. Since proof of the requisite intention must have been such as to apply to the several tracts prior to the partition, the law requires that the separated tracts must be so situated with reference to each other and the existing homestead tract as that the former are susceptible to the homestead use. Nunn on Homestead and Other Exemptions, p. 134; Affleck v. Wangermann, 93 Tex. 351, 55 S. W. 312. There was no evidence whatever as to this fact.

It is also required that, "where the tracts are separated, there must be a dedication of each to the homestead use, and the dedication of one tract will not within itself dedicate any portion of the tracts separated therefrom." Nunn on Homestead and other Exemptions, p. 134; Affleck v. Wangermann, 93 Tex. 351, 55 S. W. 312; Lasseter v. Blackwell, supra; Brooks v. Chatham, supra. There was no evidence regarding the size of the several tracts, their location with reference to the home tract, the distance one from another, or anything about them, except that a part of the property was situated in the town of Goree.

Other respects could be pointed out in which the evidence fails to establish the exemption, but it is believed that sufficient has been said upon the point.

The cases relied on by appellee all present situations where there was an actual occupancy, or intention manifested by preparation to occupy, at the very time of the vesti-

ture of title, with the exception of Macmanus v. Campbell, 37 Tex. 267; Wallis v. Wendler, 27 Tex. Civ. App. 235, 65 S. W. 43, and Jones v. Lanning (Tex. Civ. App.) 201 S. W. 443. Macmanus v. Campbell simply followed Stone v. Darnell, 20 Tex. 11, which latter case was expressly overruled in Baird v. Trice, 51 Tex. 555; Grandjean v. Story, 2 Posey, Unrep. Cas. 520, 524. In the other cases it does not clearly appear that expressed intention existing at the time of vestiture of title was not manifest by acts of preparation. We cannot treat them as overruling the well-established rules of law quoted in this opinion to the effect that, in the absence of actual occupancy or use as a homestead, there must be intention evidenced by preparation before the time, or at least contemporaneously with the time, the judgment lien could attach.

Being of the opinion that the judgment should be reversed and judgment rendered for the appellant, it is so ordered.