## C. MACMANUS v. F. M. CAMPBELL

1. The ruling in Campbell v. Macmanus, 32 Texas, 442, approved, to the effect that a homestead may be enlarged to the maximum allowed by law, and the addition becomes part of the homestead and is exempt from execution.
2. Homestead rights attach whenever there is a dedication of the property to homestead purposes ; and this may be before the fee passes, or before the purchase-money is fully paid, though in this latter case the property remains subject to the vendor's lien.
3. A debtor who has no homestead may acquire one with all its immunity from sale under judgments against him, and it is immaterial that the judgments were in existence when he acquired the homestead ; and these principles are applicable to a debtor who, having a homestead of less value or extent than the legal maximum, enlarges it to the maximum.
4. The case of Stone v. Darnell, 20 Texas, 11, cited with approval—to the effect that the time of the sale under the execution is the time to be regarded in ascertaining whether property was or was not homestead.

ERROR from Cameron.  Tried below before the Hon. W. H. Russell.

The opinion states the case.

No brief for the plaintiff in error.

*Powers & Maxan,* for the defendant in error

OGDEN, J.  This case was before this court on a former appeal, and is reported in 32 Texas, 442, and the facts of the case are there fully stated.  The main question presented for decision in that case was, could a party who was the head of a family, and who owned and occupied a homestead of less value than two thousand dollars, increase the value of that homestead up to two thousand dollars, by the purchase of adjoining lot or lots; and we think that question was then correctly decided in the affirmative.  The same question, under a different form and

with some addition, is now again presented for our consideration.

It is now claimed by appellant that when the lot in controversy was acquired by appellee, there was a subsisting and valid judgment of the County Court of Cameron county against him, and which was a lien upon all the property of defendant in that county; and that, upon the purchase of lot No. 3 by the defendant, the plaintiff's lien attached before the homestead rights could vest, and that, therefore, the lot was subject to the satisfaction of plaintiff's judgment.

If this be a correct interpretation of the law, then a person who had been unfortunate in business, and against whom there were subsisting judgments, would be wholly deprived of the benefits of the constitutional and legal exemption of a homestead, and would be powerless to procure a home or shelter for his family.   We think this would be an unauthorized restriction of those wise and humane provisions for the protection of the unfortunate and helpless.   The homestead rights attach whenever the property is dedicated to that purpose.   This dedication may be made even before the fee passes, or the whole of the purchase-money is paid, subject only to the vendor's lien.   It would, therefore, be immaterial whether the judgment was rendered before or after the purchase, if that purchase was made for the purpose of securing a homestead.   It may be true that the judgment lien attached, but if so, it attached subject to the homestead rights.

But the facts of this case show most clearly, that lot No. 3 was purchased long before the rendition of appellant's judgment, and had been used as part of appellee's homestead for many years, though the title papers were not executed until a date subsequent to the judgment.   In Stone v. Darnell, 20 Texas, 11, this court says in effect, that if the judgment lien had attached, with all its force, and an execution had been levied upon the land, yet, if before the day of sale the judgment debtor, having previously no homestead, should move upon the land, his rights to the homestead would be paramount to the

judgment lien, and in that case it is said that " the time of the " sale under the execution is the time to which we must look, in " ascertaining the fact of homestead, or not." There is no pretense that at the time of the sale under the execution of lot No. 3, appellee was not occupying it as a part of his homestead.

The fact that this was but a part of, and acquired subsequent to the establishment of, the homestead, was fully considered in the former opinion by this court, and need not now be noticed. There was no error in the rulings of the court in regard to the value of the homestead, and as to when that value is to be ascertained. There was no proof to sustain any allegations of fraud or fraudulent intent on the part of appellee, to defeat appellant's right under his judgment lien, or to defraud him in the collection of his just debt; and we think the court properly refused to give any charge on those issues. There is no error in the judgment of the lower court, and it is affirmed.

Affirmed.