W. E. LUHN v. A. B. STONE.

(Case No. 2202.)

1. HOMESTEAD—CONTIGUOUS LANDS—WHAT WILL CONSTITUTE AN UNDIVIDED INTEREST IN LAND A PART OF THE HOMESTEAD—FACT CASE—A. S., a man of family, owned, in Austin county, a country homestead consisting of eighty-five acres of land contiguous to a certain other tract of seven hundred and one and one-half acres

in the same county. Of the latter tract, the father of A. S. owned two hundred acres and W. S., a brother of A. S., the balance. There had never been a formal partition or designation between W. S. and the father, of their respective interests, yet the latter occupied as his homestead that portion of the tract lying nearest to the homestead tract of A. S. In 1877, W. S. died, leaving a will, in which A. S. was named independent executor, and one of the devisees. The will directed the executor, after paying the testator's debts, to keep the residue of the estate under his control and management during the life-time of their father, and out of the rents and revenue to furnish him (the father) support and maintenance, and after the the father's death to partition the testator's interest in the land amongst himself and the other devisees, his interest therein to be one hundred acres. On his brother's death, A. S. took possession of the land and managed it until his father died, September 5, 1881, and for some little time thereafter, renting portions of it, and cultivating a portion of it, himself. He also cultivated portions of it in 1881 and 1882, and, after partition amongst the devisees in 1883, he enclosed the part allotted to him and has ever since claimed and used it as part of his homestead. A. S., by the death of his father, also acquired thirty acres out of the latter's homestead of two hundred acres. He had been induced, by a promise of his brother that he would devise him an interest in his land, to locate and erect homestead improvements on his original tract contiguous to that of his father and brother, and had, from the first, determined to make the interest which he was to acquire from his brother a part of his homestead. In May, 1880, L. recovered judgment against A. S., in the county court, for $402.46, and, September 8, 1881, execution was levied upon the land which had been devised the latter by his brother, reduced, by reason of debts against the estate, to eighty-seven and one-fifth acres. Subsequently, the land was sold by the sheriff to satisfy that judgment, when L. became the purchaser. A. S. informed L. before the sale, that he claimed the land as a part of his homestead. *Held* ·

(1) That the contiguity of the tract upon which A. S. lived to the tract in which he had an undivided interest, in connection with the facts manifesting his intention to make his interest in the latter tract a part of his homestead, was sufficient to clothe the land in controversy with the character of homestead, at the time L. caused execution to be levied upon it. Such would be the result, although the use might not have extended to the particular part of the undivided tract, which was subsequently set apart to A. S., in the partition: (Citing Clements v. Lacy, 51 Tex. 150; Jenkins v. Volz, 64 Tex. 639; Brown v. McLennan, 60 Tex. 43.)

(2) That the fact that, in the partition, A. S. received out of the tract of land in which he took an interest through the will of his brother, a tract separated from that on which he lived, did not affect his right. (Const., art. 16, sec. 51.)

APPEAL from Austin. Tried below before the Hon. H. Tiechmueller.

This was an action of trespass to try title, brought by W. E. Luhn against A. B. Stone, in the district court of Austin county, to recover eighty-seven and one-fifth acres of land. The defendant pleaded : first, not guilty; second, that the land sued for was, at the time it was levied on and purchased by plaintiff, a part of defendant's homestead.

The court tried the cause without a jury, and sustained the plea of homestead, rendering judgment for defendant. Plaintiff appealed. The syllabus states the facts.

*Chesley & Haggerty*, for appellant, on question of homestead, cited: Const., art. 16, sec. 61; Robinson *v.* McDonald, 11 Tex. 385; Brooks *v.* Chatham, 57 Tex. 31; Iken *v.* Olenick, 42 Tex. 198; Thompson on Homesteads, sec. 102; Freeman on Co-Ten., secs. 166, 167, 509, 510.

*W. I. Glenn* and *Cochran & Miller*, for appellee, on question of homestead, cited: Const., art. 16, sec. 51; Jacobs, Bernheim & Co. *v.* J. W. Hawkins et al., 63 Tex. 1; A. J. Gardner et ux. *v.* E. G. Douglass et al., Tex. Law Rev., vol. 5, No. 19, p. 280; R. S., arts. 2344, 2361; Jenkins *v.* Volz, 54 Tex. 639; Brown *v.* McLennan, 60 Tex. 43; Clements *v.* Lacy, 51 Tex. 150; Brooks *v.* Chatham, 57 Tex. 33; Campbell *v.* McManus, 32 Tex. 451; Smyth on Homesteads, sec. 120; Thompson on Homesteads, secs. 180-188.

STAYTON, ASSOCIATE JUSTICE.—That A. B. Stone owned an undivided interest in the tract which embraced the homestead of his father, as well as the land conveyed by the latter to his sons, Warren T. and J. B. Stone, cannot be questioned. This entire tract was contiguous to the tract on which A. B. Stone lived, which embraced only eighty-five acres. The contiguity of this tract to the tract in which the appellee had an undivided interest, in connection with the facts manifesting his intention to make his interest in the latter tract a part of his homestead, we are of the opinion, was sufficient to justify the finding of the court below, that the land in controversy constituted a part of his homestead at the time the appellant caused an execution to be levied upon it.

It is unnecessary to consider, whether, under the terms of the will of Warren T. Stone, the appellee had possession of the land of which that in controversy is a part, solely as the executor of the will of the former until the death of A. B. Stone, Sr., for the possession continued for some days after the death of the latter before the execution was levied upon it. The use which was made of the land during that period, with intent that it should become a part of the homestead, was sufficient to give it that character. Such would be the result if the use had not extended to that particular part of the undivided tract which was subsequently set apart to the appellee in partition. Clements *v.* Lacy, 51 Tex. 150; Jenkins *v.* Volz, 54 Tex. 639; Brown *v.* McLennan, 60 Tex. 43.

The fact that, on partition, the appellee received a tract of land, out of the tract in which he took an interest through the will of his brother, separated from that on which he actually lived, could not affect his right, for the constitution expressly provides that the rural homestead may consist of one or more parcels of land. Const., art. 16, sec. 51. We find no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered February 9, 1886.]