### Freiberg, Klein & Co. v. Andrew Walzem.

#### No. 7369.

Homestead — Judgment Lien.—Walzem owned a homestead in the city of his residence. He desired to remove, and leased a house and lot in same city and moved to it, wishing to buy the premises. While residing upon the rented premises he sold his old homestead and applied the purchase money to the purchase of the house and lot upon which he was residing. He continuously thereafter resided there with his wife and children. Prior to his purchase an abstract of a judgment had been duly recorded and indexed in the county. In suit by holder of the judgment to subject the house and lot to the satisfaction of the judgment and judgment lien, *held*, as the defendant and his family were actually residing on the premises when he bought, buying with intent that the property should be his homestead, that the homestead exemption attached to the property when purchased, to the exclusion of any lien sought to be enforced by the registry and indexing of the judgment.

Appeal from Bexar. Tried below before Hon. G. H. Noonan.

*C. K. Breneman* and *Upson & Bergstrom*, for appellants.—An abstract of a judgment, duly recorded, fixes a lien upon all property thereafter acquired by the defendants in such judgment in the county where such judgment is recorded, and such lien is superior to any homestead rights claimed or acquired in such after-acquired property. Rev. Stats., art. 3159; Gage v. Neblett, 57 Texas, 374; Baird v. Trice, 51 Texas, 555; Wright v. Straub, 64 Texas, 64; Thomp. on Home., sec. 392; Freem. on Home., sec. 294d; Mann v. Kelsey, 71 Texas, 609; Kirby v. Giddings, 75 Texas, 679.

*J. M. Taylor* and *C. L. Wurzbach*, for appellee.—1. When the sale of the homestead is made with bona fide intention of investing the proceeds in another, and that is immediately done, and the defendant is occupying the new homestead at the time he purchases it, and had been occupying it for several months previous thereto, with the intention of purchasing it

for a homestead as soon as he sold his old homestead, the new homestead will be protected from forced sale.   Watkins v. Davis, 61 Texas, 414; Schneider v. Bray, 59 Texas, 668; Wolfe v. Buckley, 52 Texas, 641; Van Ratcliff v. Call, 10 S. W. Rep., 578; Gardner v. Douglass, 64 Texas, 78; Black v. Epperson, 40 Texas, 162; Barnes v. White, 53 Texas, 628.

2.   A judgment lien can not attach to property until the title thereto has passed to and become vested in the defendant; and where two opposing rights, viz., a judgment lien and the homestead right, are equal in point of time, the latter is superior and paramount to the former.   Const., 1876, art. 16, secs. 50, 51; Rev. Stats., arts. 2335, 2336; Eby v. Foster, 61 Cal., 282; Houghton v. Lea, 50 Cal., 103; Lamb v. Shays, 14 Iowa, 567; Freem. on Judg., sec. 355; Freem. on Ex., sec. 218.

MARR, JUDGE, *Section A.*—This suit was instituted by the appellants Freiberg, Klein & Co. against the appellee Andrew Walzem, in the District Court of Bexar County, Texas, on the 10th day of June, 1889, to foreclose a judgment lien for the sum of $1674.19 upon property owned by defendant, and acquired by him after an abstract of the judgment against him had been filed in the county where the property is situated. Defendant alleged that he had acquired the property for the purpose of a home for himself and family, and immediately used and occupied the same as a home.   The cause was tried October 12, 1889, without a jury, and judgment rendered for defendant, from which judgment plaintiffs appealed to this court, and assign the following error:

"The court erred in finding for the appellee Andrew Walzem against the lien claimed by appellants, on the ground that the property described in plaintiffs' petition, upon which the judgment lien is claimed and sought to be foreclosed, was the homestead of appellee Walzem, in this, that the facts show that appellants Freiberg, Klein & Co.'s judgment was of record in Bexar County before and at the time appellee Walzem acquired title to the property set out in appellants' petition, and therefore appellants' lien attached to the property ahead of and was and is superior to appellee's homestead claim therein."

The land in dispute is a house and lot "on Avenue D and Seventh Street, in the city of San Antonio, acquired by appellee by deed from Fritz Schreiner, dated March 23, 1889."

The abstract of the plaintiffs' judgment was duly recorded and indexed in the proper records of Bexar County on the 15th day of March, 1886.

The appellee Walzem proved, "that he was at the institution of this suit, and had been for several years prior thereto, a married man and the head of a family, consisting of himself, his wife, and one child; that on the 19th day of April, 1886, he purchased the lot 14, in block 36, on Avenue C, in the city of San Antonio, with the proceeds of the sale of his former homestead, and built a house on it and lived therein, and oc-

cupied it with his family continuously for more than three years as their homestead; that on the 19th day of March, A. D. 1889, defendant and his wife sold their said Avenue C homestead to Leopold M. Michael for $3000, with the intention of investing the said money in another homestead; that on the 23d day of March, A. D. 1889, defendant purchased from Fritz Schreiner the house and lot on the corner of Avenue D and Seventh Street, in the city of San Antonio, with the intention and for the purpose of making it his homestead, and paid therefor the $3000 realized by him as aforesaid from his said Avenue C homestead; that defendant had, a short time prior to the sale of his Avenue C homestead, temporarily rented it, and was renting and occupying the said house and lot on Avenue D (with the intention of purchasing the same and making it his homestead whenever he sold his Avenue C homestead) at the time he purchased it from the said Fritz Schreiner, and is now occupying and using the said house and lot on Avenue D, with his family, as his homestead, and that he does not own any other real estate in Bexar County, Texas, or elsewhere."

Under the provisions of the statute, the judgment lien, when duly established, will "operate upon all of the real estate of the defendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire situated in said county." Rev. Stats., art. 3159. The lien, however, can not be extended to the homestead of the defendant, which the Constitution and laws exempt from forced sale and every character of lien except those specially enumerated in the Constitution. Const., art. 16, sec. 50; Freem. on Ex., sec. 249d.

It has been held in this State, however, that a judgment lien when once fixed upon the land of the defendant, will be superior to a subsequently acquired homestead right in such land. Wright v. Straub, 64 Texas, 66. It is also the established doctrine in this State, that when the homestead has been voluntarily sold, the proceeds of such sale are not protected by the exemption laws from the claims of the creditors, although the sale was made with the intention of purchasing another homestead. The reinvestment and acquisition of another homestead must be complete before the protection can be invoked; for it is the *homestead* itself which the Constitution exempts, not the money with which one may be acquired in the future. Kirby v. Giddings, 75 Texas, 679, and cases cited.

In view of the principles announced in these decisions, as well as the terms of the statute above cited, the counsel for the appellants contend, that the lien of the appellants' judgment attached to the land in dispute at the very moment it was acquired, and before it became a homestead, and therefore it may be sold in satisfaction of the debt and lien. We do not concur in this view of the case. We are of the opinion, under the undisputed facts in evidence, that as soon as the appellee obtained

the title to the property in question it became immediately impressed with the homestead character, and therefore the judgment lien could not and did not attach to it.   Monroe v. Richeson, 101 Ill., 351.

The appellee purchased it for a home for himself and family, and had no other, and at the very time was actually occupying and continued thereafter to occupy it as his homestead.   The lien could not attach until the land became *the property* of the defendant, and the very moment that it did become his property, as we have seen, it became his homestead also, upon which the lien could not operate.

The property in controversy was, therefore, protected from the operation of the lien, not because the purchase money was exempted (for such was not the case), but because the land itself was exempt, as the homestead of the appellee, immediately upon its acquisition.

From the sale of the old to the purchase of the new homestead there was a continuing intention upon the part of the appellee to make the land in dispute his home, and simultaneously with its purchase he was actually occupying and using it in that character and for that purpose.   Eby v. Foster, 61 Cal., 282; Cawgill v. Warrington, 66 Iowa, 666; Watkins v. Davis, 61 Texas, 414; Gardner v. Douglass, 64 Texas, 76.   Under such circumstances the homestead right of the appellee in the land vested immediately, and was never subject to the judgment lien.   Our conclusions are based entirely upon the facts of this particular case, without attempting to indicate what should be the proper criterion upon a different state of facts.

The judgment should be affirmed.

*Affirmed.*

Adopted June 14, 1892.