WALLIS, LANDES & CO. v. FRANK WENDLER.

Decided November 20, 1901.

**Homestead—Judgment Lien.**

The homestead right of one purchasing and at once occupying land as a home prevails over the lien of a judgment against him previously recorded and indexed in the county where it is situated.

Appeal from Williamson. Tried below before Hon. R. E. Brooks.

*Fisher & Fisher,* for appellants.

Chief Justice H. C. Fisher being disqualified to sit in this case, Robert G. West was duly commissioned as Special Chief Justice herein.

WEST, SPECIAL CHIEF JUSTICE.—This suit involves the title to a tract of land in Williamson County, and from a judgment rendered against the appellants this appeal is taken.

*Findings of Fact.*—W. W. Dimmitt is the common source of title. The appellants' title was under a judgment rendered on the 4th day of February, 1892, against Ed Aschen and R. Aschen in favor of Leon & H. Blum, which judgment was duly recorded, abstracted, and indexed in Williamson County, so as to fix a valid judgment lien, on the 13th day of February, 1892. Appellants, as the owners of the judgment, claim title under an execution levy, sale, and deed to the land made to them by the sheriff of Williamson County, on the 4th of December, 1900, the property being sold as the property of Ed Aschen.

The land was purchased on the 29th day of November, 1894, by Ed Aschen from Dimmitt on credit. At the time that Aschen purchased the land, in 1894, he was the head of a family, and neither his wife nor himself owned any other land. This land was purchased for the purposes of a homestead. It was raw land, and Aschen and family moved upon it immediately, and before Dimmitt had executed a deed to him, and commenced to improve it, putting it in a state of cultivation, and lived upon the land and used it as a home all the time until some time in 1900, when he and his family moved temporarily to the town of Bartlett for the purpose of schooling their children, and rented the place to the appellee Wendler, intending to return; but they subsequently sold to Wendler in July, 1900. Aschen and wife owned no other land since long before this land was purchased from Dimmitt; and from the time the land was purchased for the purpose of making it a homestead up to the time it was sold it was used by Aschen for the purpose of and was his homestead. His purpose in purchasing it was to make it a homestead, and, in pursuance of that intention, he and his family immediately moved upon it.

*Opinion.*—The question arising under the foregoing facts, briefly put, is, which is superior, the judgment lien or the homestead right? Under the provisions of the statutes in force then, as now, the judgment lien when duly established will "operate upon all of the real estate of the defendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire situated in said county." Rev. Stats., 1879, art. 3159; Rev. Stats., 1895, art. 3289. The lien, however, can not be extended to the homestead of the defendant, which the Constitution and laws exempt from forced sale, and from every character of lien except those specially enumerated in the statute. Const., art. 16, sec. 50; Rev. Stats., 1879, art. 2336; Rev. Stats., 1895, art. 2396. It has been held in this State, however, that a judgment lien, when once fixed upon the lands of the

defendant, will be superior to a subsequently acquired homestead right in such land. Wright v. Straub, 64 Texas, 66; Freiburg v. Walzem, 85 Texas, 266.

Appellants' counsel's main reliance, so far as the Texas decisions are concerned, is the case of Baird v. Trice, 51 Texas, 555. In this case Baird had occupied the land as a home and moved away to another State, and then, subsequent to the levy of the attachment and prior to the date of judgment, he returned to Texas and occupied the land as a homestead. The court held that the homestead having been abandoned, and hence the land not being such at the date of the attachment levy, Baird could not defeat the attachment lien by thereafter moving on the land and claiming it as a homestead.

To the same effect is the case of Gage v. Neblitt, 57 Texas, 374, though the facts upon which the opinion in this latter case is predicated are nowhere set out. We infor, however, from the expressions of the opinion of the court, that the homestead claimant had at one time a homestead upon a different tract of land, and after the judgment lien had been fixed he moved off from the first tract of land and established his homestead on the tract involved in that suit. The reason for the decisions in these two cases is, that a previously acquired lien of the creditor upon land which was not then the homestead, ought not to be sacrificed to such homestead claim, and especially where the same was made for the evident purpose of defeating the judgment lien.

In the case at bar the facts are different in this,—the judgment debtor had never theretofore acquired a homestead. We have not been cited to any case, nor are we aware of any decided by the appellate courts of this State, in which the precise state of facts as presented by this record has been passed upon.

Appellant, in effect, contends that, if the creditor has complied with the law and fixed the judgment lien, no homestead right can be vested in land thereafter acquired by the debtor to the prejudice of the lienholder; that the judgment lien attaches eo instanti to the land upon its acquisition, in preference to a homestead claim sought to be designated upon the land subsequent to the fixing of such lien. The legitimate deduction from this contention is, that a judgment debtor could not thereafter acquire a homestead right until he discharged the debt. In our view of the case, this is putting too narrow a construction upon the homestead laws of this State, which, according to all decisions, must be construed liberally to give effect to their objects. We hold, therefore, that in order to enforce the spirit of the Constitution and laws of this State with respect to the homestead exemption, the right of the debtor to the use of the property as a home would be superior to the claim of the judgment creditor.

The question, however, is no longer an open one in this State. In Freiburg v. Walzem, supra, which was a contest between prior judgment lien creditors and Walzem, who claimed the property as his home, the court say:

"In view of the principles announced in these decisions as well as the terms of the statute above cited, the counsel for the appellants contend that the lien of the appellants' judgment attached to the land in dispute at the very moment it was acquired and before it became a homestead, and therefore it may be sold in satisfaction of the debt and lien. We do not concur in this view of the case. We are of the opinion, under the undisputed facts in evidence, that as soon as the appellee obtained the title to the property in question, it *became immediately impressed* with the homestead character, and therefore the judgment lien could not and did not attach to it. Monroe v. Richeson, 101 Ill., 351.

"The appellee purchased it for a home for himself and family, and had no other, and at the time was actually occupying and continued thereafter to occupy it as a homestead. The lien could not attach until the land became the property of the defendant, and *the very moment* that it did become his property, as we have seen, it became his homestead also, upon which the lien could not operate.

"The property in controversy was therefore protected from the operation of the lien, not because the purchase money was exempted (for such was not the case) but because the land itself was exempt, as the homestead of the appellee, *immediately* upon its acquisition." See also Gardner v. Douglas, 64 Texas, 77; Watkins v. Davis, 61 Texas, 415; McMannus v. Rawlins, 58 S. W. Rep. (Tenn.), 644; Neumans v. Vincent, 41 Minn., 481.

Appellants' counsel in their ingenious and able argument, while admitting the force of these decisions, seek to avoid their effect by claiming that there were peculiar equities in favor of the parties claiming the homestead in each of the cases above cited, which do not apply in this case. We can not take this view, for the facts in this case show that the judgment debtor purchased the land for the purpose of a homestead; that at that time it was raw land; he moved upon it before the deed was made, commenced to improve it, putting it in a state of cultivation; and lived upon it and used it as his home, even before he had obtained a deed, from the fall of 1894 until 1900, when he moved off temporarily, for the purpose of educating his children, renting the place and intending to return, until he sold the land in controversy to his coappellee, in July, 1900. The levy on the land upon which appellants' title is based was not made until the 2d of November, 1900. The debt upon which the judgment afterwards purchased by appellants was rendered against the debtor had been contracted long before the purchase by the debtor of the land in controversy. Therefore, this debt could not have been contracted upon the faith of the property; and there is nothing in the record to show that appellants had advanced any new consideration in the acquisition of the asserted judgment lien. We therefore believe that if there is any question as to the measure of equities, as suggested by appellants, it must be resolved in this instance, just as in the above cases, in favor of the judgment debtor. Be that as it may, we believe that the decision in 85 Texas is binding upon us; and hence we conclude that the

judgment lien must yield to the homestead right, and that the District
Court did not err in rendering judgment against the appellants for that
reason.

This conclusion renders it unnecessary for us to pass upon the other
assignments of error; and we therefore affirm the judgment.

*Affirmed.*