JONES et ux. v. LANNING.   (No. 5962.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 13, 1918. Rehearing Denied March 13, 1918.)

1. HOMESTEAD ⬥�longdash181½ — ABANDONMENT — QUESTIONS OF FACT.

Where defendants sold their homestead with intent to abandon it, and executed a deed carrying with it the right to immediate possession by the grantee, the question of abandonment was one of fact, though they remained in possession as tenants at sufferance until they could obtain possession of a newly acquired homestead.

2. HOMESTEAD ⬥�longdash33 — ESTABLISHMENT — CHARACTER OF OCCUPANCY.

Where defendants sold their homestead intending to abandon it, the fact that they remained on the property as tenants at sufferance until they could obtain possession of a newly acquired homestead did not constitute a new designation of the property sold as their homestead.

3. HOMESTEAD ⬥�longdash94 — LIABILITIES ENFORCEABLE—EXISTING LIABILITY.

Where, after the sale and abandonment of a former homestead, defendants acquired other property, their intent, formed at the time it was acquired, to use it as a homestead, was a dedication to homestead purposes, and rendered it exempt from the lien of an existing judgment.

4. APPEAL AND ERROR ⬥�longdash1010(1)—REVIEW— QUESTIONS OF FACT.

In a suit to foreclose the lien of a judgment, whether the property sued for was community property, whether four of the lots separated from the rest of the property were used as a part of the homestead, and whether defendants abandoned their former homestead before acquiring the property involved, were questions of fact and the finding thereon would not be disturbed where there was evidence to sustain it.

5. HOMESTEAD ⬥�longdash94—LIABILITIES ENFORCEABLE—EXISTING LIABILITY.

A homestead could be acquired in community property purchased after an abstract of judgment had been filed, recorded, and indexed, so as to render it exempt from the judgment lien.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by Mrs. W. A. Lanning against L.

Jones and wife. From a judgment for plaintiff for part of the relief sought, defendants appeal and plaintiff assigns cross-errors. Affirmed.

Butler Knight, of San Antonio, for appellants. Randolph L. Carter, of San Antonio, for appellee.

SWEARINGEN, J. Appellee, Mrs. W. A. Lanning, brought this suit against appellants, L. Jones and wife, Mary K. Jones, to foreclose a lien claimed by virtue of a filed, recorded, and indexed judgment for $600 upon ten lots, deeded to Mary K. Jones for her separate use and benefit, in the city of San Antonio, Tex. The trial was by the court without a jury. Judgment was in favor of appellee to the extent of foreclosing lien against the four lots segregated from the homestead by the alley. Judgment was in favor of appellants to the extent of holding the six lots exempt from lien because used as homestead.

Appellants claimed that the ten lots were the separate property of the wife, Mary K. Jones, and that all ten lots constituted the homestead of appellants and their seven children from the moment of purchase continuously up to the time of the trial.

The evidence discloses that all ten of the lots belonged to the community estate of L. Jones and wife. The evidence also shows that four of the lots were separated by an alley from the six lots on which appellants actually resided; that the four lots were not used as a part of appellants' homestead, but the other six were. The evidence further shows that at the time appellants purchased the ten lots they owned no home, but were living, as a tenant at sufferance, in a place which they had sold in October, 1913, possession of which appellants had promised to deliver upon delivery of the deed in October, 1913. In December, 1913, they contracted to acquire the ten lots in controversy for the purpose of using the said property as their homestead. There was a residence upon the property contracted for. Possession of the house and ten lots was not actually surrendered to appellants in December, 1913, but the deed was put in escrow until a certain note of $12,000 could be hypothecated. Delivery of possession was further delayed by the failure of the tenant to vacate until early in March, 1914; but as soon as the tenant vacated appellants moved in.

The trial court found that the four lots separated from the homestead by an alley were not used as a homestead or a part of the homestead, and were therefore not exempt from the judgment lien. There is evidence to sustain this finding of the court.

The court found that appellants owned no home at the time they dedicated the property here involved, except this property, and that they purchased this property with the intention of making it their home, and that the intention was consummated as soon as feasible after acquiring it for the purpose. Freiberg v. Walzem, 85 Tex. 264, 20 S. W. 60, 34 Am. St. Rep. 808; Gardner v. Douglass, 64 Tex. 76.

[1] Appellee contends that appellants were in the actual possession of a home on Carter street, though they sold it in October, 1913; that this sale was not an abandonment of the Carter street home, because they were permitted to remain in possession of it temporarily; and that until appellants actually moved away from the Carter street house they could not abandon it as a homestead, notwithstanding they sold it; and not being able to abandon the Carter street home, they could not acquire another home, notwithstanding their clear intention, preparation, and acts. To support this, the following cases are cited: Archibald v. Jacobs, 69 Tex. 248, 6 S. W. 177; Allen v. Whitaker, 27 S. W. 507; Johnston v. Martin, 81 Tex. 18, 16 S. W. 550; to which might be added Pierce v. Langston, 193 S. W. 745. The question of the abandonment is one of fact, and the fact depends upon the intent of the husband and wife. The cases last above cited hold that the mere intent to abandon the home cannot effect an abandonment where the property is continued to be used as a homestead. But it will be observed that the principle of law applied in those cases is that two homesteads cannot be claimed at the same time, one in præsenti and another in futuro. In the cases cited the claimants owned both places, the one occupied and the one being prepared for a homestead. But where the intent to abandon a homestead is proven, and that intent is accompanied by an actual sale of the property by a deed executed by the husband and wife, which deed carries with it the right to immediate possession by the grantee, the question of abandonment becomes a question of fact. This fact was determined by the trial court establishing the abandonment at the time of the sale of the Carter street homestead in October, 1913.

[2] The fact that the appellants remained upon the property with their family as tenants at sufferance until they could obtain possession of the newly acquired homestead, involved herein, did not of itself constitute a new designation of the Carter street property as their home. The trial court was authorized to find as a fact that the Carter street home was abandoned by sale. Edmonson v. Blessing, 42 Tex. 596; Blessing v. Edmondson, 49 Tex. 333; 13 Ruling Case Law, 635, § 114, sub. 1.

[3] After the sale and abandonment of the Carter street home in October, appellants could acquire the home here involved, and their intent, formed at the time the property was acquired, to use it as a homestead, was a dedication to homestead purposes, and rendered the property exempt from the judgment lien. Freiberg v. Walzem, 85 Tex. 264,

20 S. W. 60, 34 Am. St. Rep. 808; Gardner v. Douglass, 64 Tex. 76.

[4] Whether the property sued for was the community property of appellants, whether the four lots separated from the six lots and house were used as a homestead, whether appellants abandoned their Carter street homestead before acquiring the property here involved, are all three questions of fact, and, as there was evidence to sustain the finding of the trial court, that finding will not be disturbed. Derry v. Harty, 187 S. W. 343.

[5] Whether a homestead could be acquired in community property purchased after an abstract of judgment had been filed, recorded, and indexed that would render the homestead property thus acquired exempt from the judgment lien is a question of law that has been determined in appellants' favor in the case of Freiberg v. Walzem, 85 Tex. 264, 20 S. W. 60, 34 Am. St. Rep. 808.

None of the assignments and none of the cross-assignments present erroneous action of the trial court.

The judgment is affirmed.