**YOUNG et al. v. HOLLINGSWORTH et al.**
**(No. 777.)**

Court of Civil Appeals of Texas. Waco.
April 4, 1929.

Rehearing Denied May 9, 1929.

T. R. Mears, of Gatesville, for appellants.
McClellan & Cross, of Gatesville, for appellees.

GALLAGHER, C. J. This suit was instituted by R. V. Young and seven others, hereinafter styled appellants, to restrain appellees W. W. Hollingsworth, sheriff of Coryell county, and H. J. Haverson, judgment creditor of Guy M. Young, herein styled intervener, from selling a certain tract of land consisting of 295 acres, upon which said sheriff had theretofore levied an execution issued on a judgment in favor of Haverson against intervener for the sum of $1,390.65. The pleadings of the parties are very meager. The tract of land so levied upon belonged to Mary M. Young. She died intestate June 30, 1927. She had theretofore been adjudged of unsound mind, and T.

I. Young, one of the appellants, had been appointed, and was acting as, her guardian. Her estate at her death consisted of said tract of land and some personal property. The latter consisted largely, if not entirely, of notes payable to her. Appellants and intervener are her children and only heirs at law.

Appellant claimed that intervener, before the death of their mother, had been advanced, paid, and given all his interest in her estate; that he therefore had no interest in said tract of land; and that the sale of the same as his property would cast a cloud on their title thereto. They also claimed that, in event the court held that intervener had not been fully settled with, they were entitled to have his interest in said land charged with, or subjected to, the advancements and payments so made to him.

Intervener claimed that he was entitled to one-ninth of said tract of land as heir of his mother, unless the court should hold that he had already received his full share of her estate. He further claimed that such interest in said tract of land was exempt to him as a part of his homestead. He also claimed that all the parties at interest were before the court, and asked for a partition, but further asked in the alternative that, if such partition could not be then made, Haverson be enjoined from selling his said interest in said land until such partition could be made.

Appellee Haverson claimed that intervener was the owner of an undivided one-ninth interest in said tract of land as against appellants, and denied that the same had ever been impressed with the homestead character, and that the same was exempt to him as such. He also claimed that intervener's share of said tract would exceed the acreage necessary to complete his homestead if the same were allowed to him as such, and that he (Haverson) was entitled in any event to have such excess sold in satisfaction of his judgment. He also claimed that it was his intention to have his execution levied on an undivided one-ninth of said tract only, and that the levy on the entire tract was a mistake.

There was a trial before the court and judgment entered restraining appellees from selling appellants' eight-ninths of said tract of land, and denying both appellants and intervener any and all further relief. Said judgment further directed the issuance of another execution on Haverson's judgment against intervener in lieu of the one which had been temporarily enjoined, and that the levy of the same should be made only on the undivided right, title, and interest of intervener in said land so inherited from his said mother. Both appellants and intervener present said judgment for review by this court.

### Opinion.

Intervener presents a single assignment of error. He complains therein of the action of the court in dissolving the temporary injunction and holding that he had no homestead rights in any of the land so inherited from his mother. The undisputed evidence showed that the intervener was the head of a family; that he owned and occupied as a homestead 172 acres of land, only one-half of which was in cultivation; that his own land adjoined the 295-acre tract which belonged to his mother; that his mother was old and infirm, and had been adjudged of unsound mind; that another of her sons had been appointed as her guardian to manage her property; that prior to her death he had for several years held possession of a portion of said land as her tenant or the tenant of her guardian, and had cultivated crops thereon; that he had always intended at her death to have his share of said tract set off to him adjacent to his homestead and to add the same thereto; that at her death he was as tenant of her guardian in possession of 50 acres of her said land, using and cultivating the same in connection with his homestead; that at the time of the trial, more than a year thereafter, he was still using and cultivating a part of said land; that Haverson's execution was levied on the entire 295-acre tract as his property the same day his mother died. No conclusions of fact or law were filed by the court, but the judgment recites that intervener's homestead was on the 172-acre tract owned and occupied by him prior to his mother's death, and that his claim that his interest in said 295-acre tract constituted a part of his homestead was adjudicated against him. If such recital is to be construed as a finding of fact, we think it is contrary to the undisputed evidence. However, since the facts are undisputed, and since there are no circumstances in evidence tending to prove anything to the contrary, we assume that the court held such facts insufficient as a matter of law to impress intervener's interest in said tract so inherited from his deceased mother, or any part thereof, with the homestead character, and to extend the homestead exemption thereto.

■■ Our courts have given our constitutional and statutory provisions creating and defining the homestead a liberal construction and broad application. Intervener's mother was not only intestate, but she was also of unsound mind, and therefore incapable of disposing of her property by will. Intervener was the expectant heir to an undivided one-ninth interest in her said land. Such expectancy was a present existing right and a proper subject of sale and conveyance prior to her death. Barre v. Daggett, 105 Tex. 572, 575, 153 S. W. 120; Hale v. Hollon, 90 Tex. 427, 429, 39 S. W. 287, 288, 36 L. R. A. 75, 59 Am. St. Rep. 819. He was also at the time of her death in actual possession of 50 acres of said land as a tenant of his mother or her guardian and cultivating the same in connection with his homestead. A party may claim as exempt premises occupied or used as a

homestead, whether such occupancy is by virtue of ownership of the fee or a less estate, or as lessee or renter for a fixed term, or at will of the owners. American Nat. Bank v. Cruger, 31 Tex. Civ. App. 17, 71 S. W. 784, 789 (writ refused); Birdwell v. Burleson, 31 Tex. Civ. App. 31, 72 S. W. 446, 448–450 (writ refused) and authorities there cited; Wheatley v. Griffin, 60 Tex. 209, 211, 212; Hutchenrider v. Smith (Tex. Com. App.) 242 S. W. 204, 206, 207; Grimes v. Cline (Tex. Civ. App.) 300 S. W. 235, 236, par. 1, and authorities there cited; First National Bank v. Dismukes (Tex. Civ. App.) 241 S. W. 199, 200, par. 3; Standard Lumber & Mfg. Co. v. Looper (Tex. Civ. App.) 4 S.W.(2d) 180, 182, par. 1; Moore v. Graham, 29 Tex. Civ. App. 235, 69 S. W. 200, 201; Phillips v. Warner (Tex. App.) 16 S. W. 423, 424; Anheuser-Busch Brewing Ass'n, v. Smith (Tex. Civ. App.) 26 S. W. 94.

The homestead exemption may be claimed in property in which the party claiming the same has only an undivided interest. Such exemption will be continued and applied to the land ultimately set aside to such party in partition, whether any part of the land so set aside to him was actually used by him for homestead purposes prior to such partition. Luhn v. Stone, 65 Tex. 439, 441, 442; Clements v. Lacy, 51 Tex. 150, 161, 162; Brown v. McLennan, 60 Tex. 43, 44; Jenkins v. Volz, 54 Tex. 636, 639. Our courts have held consistently from an early day that property purchased for use as a homestead is exempt to such purchaser, notwithstanding there be judgment liens recorded against him at the time. The homestead character and attending right of exemption attaches in such cases simultaneously with the acquisition of the property, in preference to the judgment lien. Macmanus v. Campbell, 37 Tex. 267, 268; Freiberg, Klein & Co. v. Walzem, 85 Tex. 264, 265–267, 20 S. W. 60, 34 Am. St. Rep. 808; Gardner v. Douglass, 64 Tex. 76, 78–80; Jones v. Lanning (Tex. Civ. App.) 201 S. W. 443, 444, par. 3 (writ refused); Ellis v. Light (Tex. Civ. App.) 73 S. W. 551, 553, 554 (writ refused); Wallis v. Wendler, 27 Tex. Civ. App. 235, 65 S. W. 43, 44, 45.

Intervener was in possession of 50 acres of said tract at the death of his mother, and using the same for homestead purposes. Simultaneously with the death of his mother an undivided interest in said tract vested in him as her heir. R. S. art. 3314. His intention existing at that time and prior thereto to enlarge his homestead by annexing thereto a sufficient quantity of land so inherited to increase the acreage thereof to the legal limit was a sufficient appropriation of the same to homestead purposes to defeat the subsequent levy thereon made by Haverson to such ex-

tent. The facts in evidence do not show as a matter of law that intervener's claim to sufficient acreage out of his inheritance to complete his homestead was insufficient to exempt the same from sale under said levy. Intervener is entitled to have the sale under said execution restrained until he can have his interest in said tract set aside to him and his homestead claim thereto finally adjudicated.

Appellants' contentions are, in substance, that intervener's interest in said tract of land is such part of the same only as may be awarded to him in partition of his mother's estate as a whole, including both personal and real property. The amount of the personal property belonging to the estate of the deceased is not shown. If there is no administration on her estate, and none necessary, we see no reason why, under proper pleadings, a partition of said estate cannot be had in this suit and all issues between the parties hereto finally settled herein. In such partition, under proper pleadings, intervener's indebtedness, if any, to said estate should be considered as an asset thereof, and set aside to him as a part of his distributive share, even though the effect of such allotment should be to diminish or eliminate the acreage in land set apart to him. Oxsheer v. Nave, 90 Tex. 568, 570 et seq., 40 S. W. 7, 37 L. R. A. 98; Butler v. Lollar (Tex. Civ. App.) 199 S. W. 1176, 1177; Stenson v. Halvorson, 28 N. D. 151, 147 N. W. 800, L. R. A. 1915A, 1179, Ann. Cas. 1916D, 1289; Boyer v. Robinson, 26 Wash. 117, 66 P. 119, 120; Lester v. Toole, 20 Ga. App. 381, 93 S. E. 55, 57, pars. 1–3.

The testimony showed that the guardian of the deceased was at the time of the trial in possession of certain notes belonging to her estate. Appellants offered to prove by him that three of said notes, in terms payable to the deceased, were given by intervener to said guardian for indebtedness owed by him to her or her estate, and in connection therewith offered said notes in evidence. The court excluded said notes on the ground that they were taken by the guardian without the authority of an order of court. That fact did not affect their validity as against intervener nor prevent their enforcement against him. Wright v. Wright (Tex. Civ. App.) 155 S. W. 1015, 1017, par. 3.

The guardian was competent to testify to transactions with intervener, both being living, notwithstanding such guardian was acting at the time in the interest of his ward, who is now dead. Revised Statutes, art. 3716, commonly called the "death statute," invoked by appellees, has no application in such cases.

The judgment of the trial court is reversed, and the cause remanded.