### WOODS v. WEST et ux. (No. 8277.)

Court of Civil Appeals of Texas. San Antonio. Nov. 20, 1929.

Rehearing Denied Dec. 11, 1929.

J. C. Looney and J. R. Norvell, both of Edinburg, for appellant.

Moran & Moore, of LaFeria, for appellees.

FLY, C. J. This suit, prosecuted by appellees against appellant, has some of the earmarks of an action of trespass to try title to 20 acres of land in Hidalgo county, but is in reality an action to cancel and nullify a certain deed of trust executed by appellees to appellant, on the 20 acres of land, which they claim is now and was, when the deed of trust was executed, their homestead. Appellant filed an answer and cross-action seeking to foreclose a lien on appellees' land, and for judgment for the debt mentioned in the deed of trust.

The court canceled the lien on the land and gave appellees a recovery of the land, but rendered judgment in favor of appellant for $595.43, evidenced by the note to secure which the lien on the land was given.

The parties were at one time all residents of Tennessee, appellees owning a homestead which they traded to appellant for 10 acres in Hidalgo county, Tex., intending to make it their homestead. After the trade had been fully consummated appellees, at the solicitation of appellant, gave a lien on the Texas 10 acres to protect appellant against a claim held by a Tennessee attorney. Appellant afterwards settled the attorney's claim. The 117 acres, which appellees traded for the 10 acres in Hidalgo county, was their homestead, and they intended at the time of the exchange to make the 10 acres their homestead and came to Texas and did make it their homestead. The acknowledgment of the wife, Clemmie West, to the attempted lien was not according to the Texas statute. After moving on the 10 acres of land appellees exchanged that tract for two lots, being described as lots I and H of a subdivision of blocks 17, 20, and 21, in and out of subdivision "A" of the lands of the La Blanca Agricultural Company's tract, in Hidalgo county, containing 20 acres, more or less. They intended to and did make the 20 acres their homestead and moved on the tract as soon as possible after making the exchange. After the exchange was made they attempted to give a lien on the 20 acres to Woods to secure the debt paid the attorney, in the sum of $528.10, evidenced by a promissory note given by appellees to appellant.

We approve the findings of fact of the trial judge, and adopt his conclusion of law that the 20 acres of land was the homestead of the Wests when the attempted lien was given. Appellees had no other land but the 10 acres mentioned, and after trading the 10 acres for the 20-acre tract the latter was the only real estate owned by them. The 10 acres was their home, and when they made the exchange they did so with the intention of making the 20 acres their homestead, and carried that intention into effect.

From the moment the exchange of the 10 acres for the 20 acres was effected, the latter tract became the homestead of appellees. Gardner v. Douglass, 64 Tex. 76; Van Ratcliff v. Call, 72 Tex. 491, 10 S. W. 578. It is said in the .first-cited case: "It usually requires some time for the vendor to move out and the purchaser to move in. And the law will not ordinarily wait until all this has been accomplished, before clothing the property with the homestead exemption. But where the purchase is made for the purpose of a home, with a view of an early occupancy, which follows within a reasonable time, this may secure the homestead as such from the time of the purchase." In the cited case of Van Ratcliff v. Call, the Gardner v. Douglass Case was approved and quotations made from it. In the Van Ratcliff v. Call Case the property was secured in 1882 and improved and moved on in August, 1883. The Gardner v. Douglass Case has often been cited with approval. Kempner v. Comer, 73 Tex. 196, 11 S. W. 194; Mann v. Wallis, 75 Tex. 611, 12 S. W. 1123; Freiberg v. Walzen, 85 Tex..264. 20 S. W. 60, 34 Am. St. Rep. 808; Cameron v. Gebhard, 85 Tex. 610, 22 S. W. 1033, 34 Am. St. Rep. 832; Wallis v. Wendler, 27 Tex. Civ. App. 235, 65 S. W. 43; Foley v. Holtkamp, 28 Tex. Civ. App. 123, 66 S. W. 891; Parsons v. McKinney, 63 Tex. Civ. App. 617, 133 S. W. 1084.

Under the foregoing cited decisions, and many others, the moment appellees made the exchange for the 20 acres of land it became their homestead, and the attempted lien was null and void. It would not matter that the lien in question was given in lieu of a former lien, whose validity is extremely doubtful, on the 10 acres of land. It was not given for the purchase money of the 20 acres of land or any part thereof. The lien sought to be foreclosed was invalid. Article 16, § 50, state Constitution.

The judgment is affirmed.