## FARMERS' & MECHANICS' TRUST CO. et al. v. PERRY et ux.

### No. 3940.

Court of Civil Appeals of Texas. Amarillo.

Jan. 11, 1933.

Rehearing Denied Feb. 1, 1933.

E. E. Diggs, of Childress, for appellants.

Marshall & Perkins, of Quanah, for appellees.

JACKSON, J.

On October 17, 1930, the Farmers' & Mechanics' Trust Company, a corporation, obtained a valid judgment in the district court of Hardeman county against Elvin Perry for the sum of $1,140 with interest and costs, and on the same day had the judgment properly abstracted, indexed, and recorded in the office of the county clerk of said county.

Execution was issued on this judgment November 10, 1930, and returned nulla bona. An alias execution was issued on March 31, 1932, and placed in the hands of G. T. Hawkins, the sheriff of Hardeman county, who levied upon and advertised for sale the real estate involved in this controversy.

April 26th thereafter, on the application of Elvin Perry and his wife, who alleged that the property levied on constituted a part of their homestead, Hon. W. N. Stokes, district judge, granted a temporary injunction restraining the Farmers' & Mechanics' Trust Company and G. T. Hawkins, the sheriff, from selling said property until further order of the court. On May 14, 1932, the Farmers' & Mechanics' Trust Company and the sheriff answered, alleging the validity of the judgment, that it was unsatisfied, the issuance of the execution, its levy upon and the advertisement of the property for sale, denied its homestead character, and asked that the temporary injunction be dissolved and the judgment lien foreclosed.

The court, without the intervention of a jury, rendered judgment perpetuating the injunction and denying a foreclosure of the judgment lien, from which action this appeal is prosecuted.

The appellants assail the judgment of the trial court because the evidence shows that appellees owned and occupied a homestead situated in the city of Quanah at the time appellee Elvin Perry inherited the land involved. That the land so inherited was situated outside of the city and the judgment lien attached thereto and was superior to the homestead claim asserted by appellees.

The record discloses that the home of appellees for fifteen years prior to May 5, 1931, was located within the corporate limits of the city of Quanah on block 131. On that date they conveyed their said homestead to C. W. Phillips in exchange for lots 6, 7, and 8 in block No. 289, which their deed described as located "in the town of Quanah." They immediately moved to the premises so acquired, where they are still living.

The south boundary of the city of Quanah and the south boundary of section 50 is a common line with the north line of section 51, and lots 6, 7, and 8 in said block 289 are situated in section 51 just outside of the city limits and immediately north of the Paducah highway. The part of said section 51 north of said highway and the land in controversy which is south of said highway were platted into lots and blocks in 1890. It is conceded that the territory south of the highway is all devoted to farming. The testimony shows that the land north of said highway and immediately east of lots 6, 7, and 8 is vacant and used for pasturage purposes. That north of said highway and immediately west of said lots is a forty-acre farm and the nearest house on the west is a distance of a quarter of a mile. That the territory north of said lots for a distance of about a quarter of a mile is vacant, without either business or residence buildings.

■ Whether a homestead situated on or near the boundary of a town is a rural or an urban homestead is generally a question of fact and only becomes a question of law when the facts and circumstances make its character so apparent that only one conclusion could be reached. Jones et ux. v. First National Bank of McAllen (Tex. Com. App.) 259 S. W. 157; Commerce Farm Credit Co. et al. v. Sayles et ux. (Tex. Civ. App.) 279 S. W. 567, and authorities cited.

■ The facts above noted, together with the evidence tending to show that appellees used the residence on lots 6, 7, and 8 in connection with their farming operations on the land in controversy, authorized the court to determine that the character of such residence was rural rather than urban.

■ Appellants contend that because the record shows conclusively that Elvin Perry inherited the land from his mother, the judgment lien theretofore recorded attached and was superior to any homestead rights that appellees could acquire.

The record reveals that the land involved is a part of a tract acquired and used as a homestead by M. B. Perry in 1906. That M. B. Perry was the father of Elvin, and conveyed the land to Ellen F. Perry, the mother of Elvin, in 1915. M. B. Perry died February 10, 1930, and Ellen F. died November 6, 1931. Elvin Perry was the only child of M. B. and Ellen, and the title to the property vested in him under the law of descent and distribution at the date of his mother's death. That the residence occupied by appellees on lots 6, 7, and 8 was about 100 feet north from the old farm dwelling which was destroyed by fire January 7, 1931. That Elvin had managed the farm since his father's death; his mother was an invalid for some time prior to her death and resided with him at his residence on said lots. That he had cultivated all of the farm in 1930, rented out a portion of it in 1931 and 1932, and cultivated the balance thereof himself.

In Freiberg et al. v. Walzem, 85 Tex. 264, 20 S. W. 60, 61, 34 Am. St. Rep. 808, the Supreme Court says: "In view of the principles announced in those decisions, as well as the terms of the statute above cited, the counsel for the appellants contend that the lien of the appellants' judgment attached to the land in dispute at the very moment it was acquired, and before it became a homestead, and therefore it may be sold in satisfaction of the debt and lien. We do not concur in this view of the case. We are of the opinion that, under the disputed facts in evidence, as soon as appellee obtained the title to the property in question, it became immediately impressed with the homestead character, and therefore the judgment lien could not and did not attach to it."

In Young v. Hollingsworth (Tex. Civ. App.) 16 S.W.(2d) 844, 846, writ of error denied, Chief Justice Gallagher says:

"Intervener was the expectant heir to an undivided one-ninth interest in her said land. Such expectancy was a present existing right and a proper subject of sale and conveyance prior to her death. Barre v. Daggett, 105

Tex. 572, 575, 153 S. W. 120; Hale v. Hollon, 90 Tex. 427, 429, 39 S. W. 287, 288, 36 L. R. A. 75, 59 Am. St. Rep. 819. He was also at the time of her death in actual possession of 50 acres of said land as a tenant of his mother or her guardian and cultivating the same in connection with his homestead. A party may claim as exempt premises occupied or used as a homestead, whether such occupancy is by virtue of ownership of the fee or a less estate, or as lessee or renter for a fixed term, or at will of the owners. American National Bank v. Cruger, 31 Tex. Civ. App. 17, 71 S. W. 784, 789 (writ refused); Birdwell v. Burleson, 31 Tex. Civ. App. 31, 72 S. W. 446, 448–450 (writ refused) and authorities there cited; Wheatley v. Griffin, 60 Tex. 209, 211, 212; Hutchenrider v. Smith (Tex. Com. App.) 242 S. W. 204, 206, 207; Grimes v. Cline (Tex. Civ. App.) 300 S. W. 235, 236, par. 1, and authorities there cited; First National Bank v. Dismukes (Tex. Civ. App.) 241 S. W. 199, 200, par. 3; Standard Lumber & Mfg. Co. v. Looper (Tex. Civ. App.) 4 S.W.(2d) 180, 182, par. 1; Moore v. Graham, 29 Tex. Civ. App. 235, 69 S. W. 200, 201; Phillips v. Warner (Tex. App.) 16 S. W. 423, 424; Anheuser-Busch Brewing Ass'n v. Smith (Tex. Civ. App.) 26 S. W. 94.

"The homestead exemption may be claimed in property in which the party claiming the same has only an undivided interest. Such exemption will be continued and applied to the land ultimately set aside to such party in partition, whether any part of the land so set aside to him was actually used by him for homestead purposes prior to such partition. Luhn v. Stone, 65 Tex. 439, 441, 442; Clements v. Lacy, 51 Tex. 150, 161, 162; Brown v. McLennan, 60 Tex. 43, 44; Jenkins v. Volz, 54 Tex. 636, 639. Our courts have held consistently from an early day that property purchased for use as a homestead is exempt to such purchaser, notwithstanding there be judgment liens recorded against him at the time. The homestead character and attending right of exemption attaches in such cases simultaneously with the acquisition of the property, in preference to the judgment lien. Macmanus v. Campbell, 37 Tex. 267, 268; Freiberg, Klein & Co. v. Walzem, 85 Tex. 264, 265–267, 20 S. W. 60, 34 Am. St. Rep. 808; Gardner v. Douglass, 64 Tex. 76, 78–80; Jones v. Lanning (Tex. Civ. App.) 201 S. W. 443, 444, par. 3 (writ refused); Ellis v. Light (Tex. Civ. App.) 73 S. W. 551, 553, 554 (writ refused); Wallis v. Wendler, 27 Tex. Civ. App. 235, 65 S. W. 43, 44, 45."

These authorities, we think, under this record are conclusive against appellants, and the judgment is affirmed.